IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| HERBERT AMEEN MUHAMMED | § | |
| --- | --- | --- |
| Plaintiff, | § | |
| VS. | § | NO. 3-08-CV-1426-M |
| W.K. NEWELL, ET AL. | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Defendants City of Terrell, Texas and W.K. Newell have filed a motion to dismiss or, alternatively, for a more definite statement and a Rule 7(a) reply in this *pro se* prisoner civil rights action brought under 42 U.S.C. § 1983. In a separate motion, defendants seek a protective order staying all discovery until the issue of qualified immunity is resolved.

After screening plaintiff's complaint and interrogatory answers, the court determined that summary dismissal was not proper. Implicit in that decision was a finding that plaintiff had articulated sufficient facts to survive a motion to dismiss under Rule 12(b)(6). *See* 28 U.S.C. § 1915A(b)(1) (court may summarily dismiss prisoner civil rights action for failure to state a claim upon which relief can be granted); *Vela v. Phillips*, No. 3-06-CV-1695-K, 2006 WL 3703202 at *1 (N.D. Tex. Dec. 15, 2006) (denying Rule 12(b)(6) motion to dismiss where *pro se* prisoner complaint survived summary dismissal on initial screening). Without suggesting a view of the merits of the arguments presented by defendants in another procedural context, such as a motion for summary judgment, the court concludes that dismissal is not proper at the pleading stage.

Nevertheless, plaintiff should be required to plead additional facts to support his claim against the City of Terrell. A municipality may be held liable for the deprivation of rights guaranteed by the Constitution or federal law only if the deprivation was the result of an official policy. *See Monell v. Department of Social Services of New York*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978). Such a policy may include "a persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995), *quoting Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984). The mere fact that W.K. Newell was employed by the City does not give rise to a claim of municipal liability. *See Jett v. Dallas Independent School District*, 491 U.S. 701, 736, 109 S.Ct. 2702, 2723, 105 L.Ed.2d 598 (1989) (no respondeat superior liability under 42 U.S.C. § 1983 ). Rather, plaintiff must demonstrate that an official policy or custom of the City of Terrell was a moving force behind the constitutional violation made the basis of this suit.

Plaintiff also should be required to file a Rule 7(a) reply to overcome Newell's defense of qualified immunity. Police officers, like Newell, are immune from suit for discretionary acts performed in good faith while acting within the scope of their authority, unless their conduct violates a "clearly established statutory or constitutional right[ ] of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). When a public official raises the affirmative defense of qualified immunity, the court may require the plaintiff to plead specific facts necessary to overcome the defense in a reply under Fed. R. Civ. P. 7(a). *See Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995) (en banc). Such a reply "must be tailored to the assertion of qualified immunity and fairly engage its allegations." *Id.* A plaintiff

must "support [ ] his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendants' conduct at the time of the alleged acts." *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999). Although plaintiff alleges that he was arrested based on false reports and fabricated evidence, there is nothing in his pleadings to suggest that Newell knew the evidence was false or that a reasonable police officer would have acted differently.

Finally, defendants seek an order staying all discovery pending a determination of whether Newell is entitled to qualified immunity. Discovery is generally not allowed in a civil rights action until the issue of qualified immunity is resolved. *See Wicks v. Mississippi State Employment Services*, 41 F.3d 991, 994-95 (5th Cir.), *cert. denied*, 115 S.Ct. 2555 (1995); *Jacquez v. Procunier*, 801 F.2d 789, 791 (5th Cir. 1986). However, a court may allow limited discovery if it is unable to rule on the immunity defense without further clarification of the facts. *See Geter v. Fortenberry*, 849 F.2d 1550, 1554 (5th Cir. 1988); *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987). By separate order filed today, the court has stayed discovery until defendants file a motion for summary judgment, but has indicated that plaintiff may be permitted to conduct limited discovery before he responds to the motion. Consistent with that order, the court will stay discovery in this case.

Accordingly, defendants' motion to dismiss is denied, but their request for a more definite statement and a Rule 7(a) reply is granted. [Doc. #24]. Plaintiff shall file an amended complaint and a Rule 7(a) reply by **November 14, 2008.** The amended complaint must allege *specific facts* which show that an official policy or custom of the City of Terrell was a moving force behind the constitutional violation made the basis of this suit. The Rule 7(a) reply must allege *specific facts* which show that the conduct of W.K. Newell violated a clearly established constitutional or statutory right of which a reasonable person would have known. Stated differently, plaintiff must specifically plead how Newell's actions were objectively unreasonable in light of the legal rules clearly

established at the time of the incident in question. The failure to file an amended complaint and a Rule 7(a) reply may result in the dismissal of this case without further notice. *See* FED. R. CIV. P. 41(b).

Defendants' motion for protective order [Doc. #26] is granted. All discovery is stayed pending further order of the court.

SO ORDERED.

DATED: October 14, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE