IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| HERBERT AMEEN MUHAMMAD | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-08-CV-1426-BD |
| | § | |
| W.K. NEWELL, ET AL. | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Defendants City of Terrell, Texas ("the City") and W.K. Newell ("Newell") have filed a Rule 12(b)(6) motion for partial dismissal of certain claims in this civil rights action brought under federal and Texas law. As grounds for their motion, defendants contend that plaintiff has failed to state a federal civil rights claim against the City and that the Texas Tort Claims Act ("TTCA") bars all state law claims against Newell in his individual capacity. Defendants further argue that the claims against Newell in his official capacity are redundant of those against the City. The issues have been briefed by the parties and the motion is ripe for determination.

A district court may dismiss a complaint for failure to state a claim "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Jackson v. City of Beaumont Police Dept.*, 958 F.2d 616, 618 (5th Cir. 1992), *quoting Barrientos v. Reliance Standard Life Ins. Co.*, 911 F.2d 1115, 1116 (5th Cir. 1990), *cert. denied* 111 S.Ct. 795 (1991). In order to survive dismissal, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the

speculative level." *Id.*, 127 S.Ct. at 1965. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.* at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007), *cert. denied sub nom., Xavier Univ. of Louisiana v. Travelers Casualty Property Co. of America*, 128 S.Ct. 1230 (2008).

Judged against this standard, the court determines that plaintiff has failed to state a federal civil rights claim against the City. A municipality is not vicariously liable for the constitutional torts of its employees under the theory of *respondeat superior*. Instead, municipal liability under section 1983 requires proof of three elements: (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *See Hampton Co. National Surety, LLC v. Tunica County*, 543 F.3d 221, 227 (5th Cir. 2008), *citing Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir.), *cert. denied*, 122 S.Ct. 53 (2001). An official policy may be either a written policy or a "persistent widespread practice . . . which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Lawson v. Dallas County*, 286 F.3d 257, 263 (5th Cir. 2002), *quoting Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984). Where, as here, the challenged conduct relates to an informal policy or a custom of behavior among municipal police officers, the plaintiff must plead sufficient facts which, if proved, show "a pattern of similar incidents in which citizens were injured and endangered by intentional or negligent police misconduct and/or that serious incompetence or misbehavior was general or widespread throughout the police force." *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir.), *cert. denied*, 113 S.Ct. 462 (1992). The critical inquiry is whether the governing body or official policymaker had constructive or actual

knowledge of the persistent and widespread violations of constitutional rights. *See id.* at 1278-79; *see also Bennett v. City of Slidell*, 728 F.2d 762, 768 (5th Cir. 1984), *cert. denied*, 105 S.Ct. 3476 (1985).

The only allegations in plaintiff's amended complaint that even remotely implicate the City are:

> Defendant Newell had a custom and practice of unfairly targeting Plaintiff in an attempt to run Plaintiff out of town. Policymakers within the City of Terrell and its police department actually or constructively knew of Defendant Newell's custom of targeting and depriving Plaintiff of his rights under both the Constitution and laws of Texas. This is evidenced by Defendant Newell's many arrests and interactions with Plaintiff as well as Defendant Newell's comment expressly stating that the people of Terrell did not like "[Plaintiff's] kind." However, even having such actual or constructive knowledge, the City of Terrell acted with deliberate indifference regarding the ongoing violation of Plaintiff's constitutional rights. As a result, this practice or custom led to the deprivation of Plaintiff's state and constitutional rights at issue in this case.

(Plf. First Am. Compl. at 4-5, ¶ 12). Not only does plaintiff fail to identify the policymakers who allegedly condoned Newell's conduct, but nothing in the complaint suggests that the City had a persistent and widespread practice of depriving plaintiff of his constitutional rights. To the contrary, plaintiff alleges only two encounters with Newell--one on November 26, 2007, when Newell threatened to arrest plaintiff if he did not sign a criminal trespass citation, (*see id.* at 2, ¶ 7), and one on November 28, 2007, when Newell arrested plaintiff for attempted burglary (*see id.* at 3, ¶ 8). These allegations, even if viewed in the light most favorable to plaintiff, fall short of establishing a "pattern of similar incidents" necessary to give rise to municipal liability under 42 U.S.C. § 1983. *See Winegarner v. City of Coppell*, No. 3-05-CV-1157-L, 2007 WL 1040877 at *6-7 (N.D. Tex. Apr. 5, 2007), *aff'd*, 275 Fed.Appx. 359, 2008 WL 1817825 (5th Cir. Apr. 23, 2008) (dismissing civil rights claim against city where plaintiff failed to identify specific policymaker responsible for

promulgating or ratifying unconstitutional policy); *Pivonka v. Collins*, No. 3-02-CV-0742-G, 2002 WL 1477455 at *4 (N.D. Tex. Jul. 5, 2002) (same). *See also Reyes v. City of Miami Beach*, No. 07-22680-CIV, 2008 WL 686958 at *13-14 (S.D. Fla. Mar. 13, 2008) (dismissing civil rights claim against city where the only facts alleged related to a single arrest and there was nothing to suggest that a final policymaker ratified the misconduct); *Mott v. Officer John Does I*, No. 07-CV-00280-REB-CBS, 2008 WL 648993 at *4 (D. Colo. Mar. 4, 2008) (same).

Nor can plaintiff sue Newell for false arrest, wrongful imprisonment, malicious prosecution, assault, and intentional infliction of emotional distress. Under the TTCA:

> (a) The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.
>
> (b) The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents.
>
> * * * *
>
> (e) If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(a), (b) & (e) (Vernon 2005). Texas courts have interpreted this statute to require the plaintiff to make an irrevocable election, at the time suit is filed, between suing the governmental unit under the TTCA, or proceeding against the employee alone. *See Singleton v. Casteel*, 267 S.W.3d 547, 550-52 (Tex. App.--Houston [14th Dist.] 2008, pet. denied); *Brown v. Xie*, 260 S.W.3d 118, 121-23 (Tex. App.--Houston [1st Dist.] 2008, no pet.). "Because the Tort Claims Act is the only, albeit limited, avenue for common-law recovery against

the government, all tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be 'under [the Tort Claims Act]' for purposes of section 101.106." *See Mission Consolidated Independent School Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008).

In his amended complaint, plaintiff alleges that he "brings causes of action against Defendants Newell and the City of Terrell for false arrest, false imprisonment, malicious prosecution, assault, and intentional infliction of emotional distress[.]" (*See* Plf. First Am. Compl. at 2, ¶ 6). Although plaintiff now argues that his claims for assault and intentional infliction of emotional distress are made only against Newell, (*See* Plf. Resp. at 6), nowhere in his complaint does plaintiff distinguish between the two defendants when requesting damages with respect to those claims. Moreover, plaintiff does not abandon his claims against the City for false arrest, wrongful detention, and malicious prosecution. By asserting these tort claims against the City, plaintiff is barred from suing Newell under any theory of recovery "regarding the same subject matter." *See Garcia*, 253 S.W.3d at 659, citing TEX. CIV. PRAC. & REM. CODE ANN. § 101.106.[1]

Finally, plaintiff cannot sue Newell in his official capacity. Such claims are redundant of those brought against the City. *See Beall Legacy Partners, L.P. v. City of Waxahachie*, No. 3-05-CV-1942-D, 2006 WL 353471 at *2 (N.D. Tex. Feb. 16, 2006), citing *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985).

## CONCLUSION

For these reasons, defendants' Rule 12(b)(6) motion for partial dismissal [Doc. #47] is granted. Plaintiff's federal civil rights claim against the City of Terrell is dismissed for failure to

---

[1] Ordinarily, the court would allow plaintiff to amend his complaint in order to cure this pleading defect. However, Texas courts have held that a plaintiff cannot avoid the statutory right of dismissal under section 101.106(e) by filing an amended complaint. *See Villasan v. O'Rourke*, 166 S.W.3d 752, 762 (Tex. App.--Beaumont 2005, pet. denied).

plead a basis for municipal liability under 42 U.S.C. § 1983. The state law claims against W. K. Newell in his individual capacity are dismissed under Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e). The claims against Newell in his official capacity are dismissed as redundant.

SO ORDERED.

DATED: March 4, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE