IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HERBERT AMEEN MUHAMMAD | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-08-CV-1426-BD |
| | § | |
| W.K. NEWELL, ET AL. | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

Defendants W.K. Newell ("Newell"), a Terrell police officer, and the City of Terrell, Texas ("the City"), have filed a motion for summary judgment in this civil rights action brought under 42 U.S.C. § 1983 and Texas law. For the reasons stated herein, the motion is granted.

I.

On November 17, 2007, Newell was assigned to investigate an attempted burglary at the home of Helen Patman, an 87-year-old woman. (*See* Def. MSJ App. at 2, 13, 15-16). Patman reported that an African-American male, whom she knew as "Muhammad," tried to break into her home. (*Id.* at 2, 16). According to Patman, the man had previously done yard work for her and stolen a push lawn mower, a pair of tree cutters, and other items of personal property. (*Id.* at 16). Based on the information provided by Patman, as well as his independent knowledge that Herbert Ameen Muhammad was suspected of similar offenses and had been arrested for theft and forgery in this same residential area, Newell issued a criminal trespass warning to plaintiff. (*Id.* at 2). When plaintiff objected that he had done nothing wrong, Newell allegedly reached for his gun and threatened to arrest plaintiff unless he signed the warning. (*See* Plf. MSJ Resp. App. at 1, ¶ 2).

On November 27, 2007, Newell emailed a six-person photo lineup to Dianne Marical, who witnessed the attempted break-in. (Def. MSJ App. at 2, 8-9). After Marical identified plaintiff as the man she saw trying to enter Patman's residence,[1] Newell requested an arrest warrant from a municipal court judge. (*Id.* at 3). In an affidavit submitted in support of the warrant, Newell stated:

1. The defendant Herbert Ameen Muhammed [sic] was seen by two witnesses at the front door of victim Helen Patman.

2. Witness Diane [sic] Marical has identified the defendant from a six person photo lineup as the one she confronted at 311 Pacific [S]treet[,] Terrell[,] Texas on November 17th, 2007.

3. The front door screen was locked from the inside and defendant was seen tearing a hole in the screen and sticking his hand inside the screen and attempted to enter the residence.

4. Defendant was confronted by the two witnesses and he could not explain the reason for being at the residence.

5. Defendant has on previous occasions been to the victim's home and has tried to get the victim to let him inside the house.

6. The defendant is known to affiant, and his standing in the community. The defendant has been arrested on previous occasions for forgery of checks stolen from the interior of elderly people.

(*Id.* at 10). The next day, plaintiff was arrested for attempted burglary of habitation. (*Id.* at 12). However, he was subsequently no-billed by a grand jury and released from custody after spending 82 days in jail. (*See* Plf. MSJ Resp. App. at 2, ¶ 8). This lawsuit followed.

In his most recent complaint, plaintiff asserts claims against Newell and the City for malicious prosecution, false arrest, and false imprisonment under federal and Texas law, and assault

---

[1] Although Marical identified plaintiff as the suspect, she said that he did not have any facial hair on "the day [I] caught him with his hand inside the door[.]" (Def. MSJ App. at 8).

and intentional infliction of emotional distress under Texas law. (*See* Plf. First Am. Compl. at 5-7, ¶¶ 14-17, 18-21, 22-24, 25-27). The court previously dismissed the federal claims against the City and the state claims against Newell. *See Muhammad v. Newell*, No. 3-08-CV-1426-BD, 2009 WL 559931 at *3 (N.D. Tex. Mar. 4, 2009). Defendants now move for summary judgment as to all remaining claims. The issues have been fully briefed by the parties, and the motion is ripe for determination.

II.

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A party seeking summary judgment who does not have the burden of proof at trial bears the initial burden of showing the absence of a genuine issue for trial. *See Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). This may be done by "pointing out 'the absence of evidence supporting the nonmoving party's case.'" *Id.*, *quoting Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 913 (5th Cir.), *cert. denied*, 113 S.Ct. 98 (1992). Once the movant meets this burden, the nonmovant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir), *cert. denied*, 113 S.Ct. 82 (1992). All evidence must be viewed in the light most favorable to the party opposing the motion. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

A.

Newell contends that plaintiff cannot prove his two remaining federal claims because: (1) there is no constitutional right to be free from malicious prosecution; and (2) plaintiff was arrested

and detained pursuant to a valid warrant issued by a municipal court judge upon a finding of probable cause.

1.

The Fifth Circuit has held that the federal Constitution does not include a "freestanding" right to be free from malicious prosecution. *See Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003), *cert. denied*, 125 S.Ct. 31 (2004). Instead, a plaintiff must prove that government officials violated a specific constitutional right which, in turn, gives rise to a malicious prosecution. *Deville v. Marcantel*, 567 F.3d 156, 169 (5th Cir. 2009). For example, "the initiation of criminal charges without probable cause may set in force events that run afoul of the . . . Fourth Amendment if the accused is seized and arrested . . . or other constitutionally secured rights if a case is further pursued." *Id.*, quoting *Castellano*, 352 F.3d at 953-54. However, "they are not claims for malicious prosecution and labeling them as such only invites confusion." *Castellano*, 352 F.3d at 954. In view of this clear precedent, plaintiff cannot maintain a claim under federal law for malicious prosecution.

2.

Plaintiff alleges that he was unlawfully arrested without probable cause and incarcerated for a crime he did not commit. (*See* Plf. First Am. Compl. at 5, ¶ 15). Even if Newell lacked probable cause to arrest plaintiff, he did so pursuant to a valid warrant signed by a municipal court judge. (*See* Def. MSJ App. at 12). "It is well settled that if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party." *Deville*, 567 F.3d at 170, *quoting Taylor v. Gregg*, 36 F.3d 453, 456 (5th Cir. 1994). This principle also holds true for a claim of false imprisonment. *See Robinson ex rel. Estate of Shields v. Twiss*, No. SA-01-CA-0289-RF, 2003 WL 23879705 at *3 (W.D. Tex. Jul. 9, 2003), *citing Taylor*, 36 F.3d at 456. Thus, in order to establish

a constitutional violation, plaintiff must prove that Newell knowingly or recklessly provided false information to secure the arrest warrant. *See Freeman v. County of Bexar*, 210 F.3d 550, 553 (5th Cir.), *cert. denied*, 121 S.Ct. 318 (2000), *citing Franks v. Delaware*, 438 U.S. 154, 171, 98 S.Ct. 2674, 2684, 57 L.Ed.2d 667 (1978).

Plaintiff offers no argument, much less evidence, that Newell made false statements to the judge who issued the warrant on November 27, 2007. To the contrary, the summary judgment evidence shows that Newell investigated the crime scene to verify the information provided by Patman and did not request an arrest warrant until after Marical identified plaintiff as the man she saw tampering with Patman's screen door. (*See* Plf. MSJ App. at 5-9; Def. MSJ App. at 2-3, 8-9). Although plaintiff accuses Newell of discriminatory animus and criticizes his investigation, there is no evidence to suggest that Newell provided false information to the judge who issued the warrant. Absent such evidence, plaintiff cannot establish a constitutional violation. *See, e.g. Gonzalez v. Lopez*, No. 3-07-CV-0593-M, 2008 WL 323150 at *7-11 (N.D. Tex. Jan. 23, 2008), *rec. adopted in relevant part*, 2008 WL 323147 (N.D. Tex. Feb. 6, 2008) (granting summary judgment in favor of police officer on false arrest claim where plaintiff failed to show that defendant intentionally misrepresented facts in probable cause affidavit submitted to magistrate judge); *Morgan v. City of Waco*, No. 3-01-CV-2818-K, 2003 WL 21640563 at *2-4 (N.D. Tex. Jul. 9, 2003), *as amended*, 2003 WL 21653869 (N.D. Tex. Jul. 31, 2003) (same).

B.

The City also seeks summary judgment with respect to plaintiff's state claims. Under Texas law, municipal governments are immune from suit except to the extent immunity has been waived by the Texas Tort Claims Act ("TTCA"). *See City of Hempstead v. Kmiec*, 902 S.W.2d 118, 122 (Tex. App.--Houston [1st Dist.] 1995, no writ). Although the TTCA waives immunity in certain

limited circumstances, see Tex. Civ. Prac. Rem. Code Ann. § 101.021, the waiver does not extend to claims "arising out of assault, battery, false imprisonment, or any other intentional tort[.]" Id. § 101.057(2). Plaintiff makes no attempt to explain how he can overcome the plain language of this statute and prosecute his intentional tort claims against the City. Accordingly, the City is entitled to summary judgment as to those claims.

## CONCLUSION

Defendants' motion for summary judgment [Doc. #54] is granted. The court will dismiss this action with prejudice by separate judgment filed today.

SO ORDERED.

DATED: August 12, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE